DECISION AND JOURNAL ENTRY
{¶ 1} Defendants-Appellants Donald Nagel, Mildred Nagel, and the Nagel Family Revocable Living Trust have appealed from the order of the Summit County Court of Common Pleas that granted injunctive relief to Plaintiffs-Appellees Franklin Township Board of Trustees and Zoning Inspector Steve Peroz. This Court affirms.
 I {¶ 2} Appellant Nagel Family Revocable Living Trust is the owner of real property located on Melcher Avenue and Nevada Street, in Franklin Township, Summit County, Ohio. Appellants Donald and Mildred Nagel are the co-trustees of the Nagel Family Revocable Living Trust, and Donald Nagel is the owner of certain personal property, namely, building and other materials, being stored on these lots. The Nevada Street property includes a garage structure with additions, namely, a lean-to shed and roof extension. This appeal is limited to the garage structure.
 {¶ 3} In 2000, Appellants submitted a request for variances from Ordinance Section 301-4p, which provides for a 768 square foot maximum. In a letter dated November 21, 2000, Appellees Franklin Township Trustees informed Appellants that a public hearing was held on November 14, 2000. The letter explained that at the meeting, the Franklin Township Board of Zoning Appeals (the "Board") denied Appellant Donald Nagel's request for a variance, subject to certain conditions with which Appellants had three years to comply.
 {¶ 4} Appellant Donald Nagel entered into a contract for the construction of the garage structure on the Nevada Street property. In July 2001, he obtained a zoning permit. Appellees asserted that they had approved the permit only for the maximum square footage allowed by the zoning ordinances. Appellees now assert that the structure, as constructed with the lean-to shed and roof extension, exceeds the maximum square footage allowed, and maintain that Appellees' representatives have "personally observed the condition of Nagel's properties, and have found them to be in violation of" the zoning permit and the zoning regulations. They assert that they contacted Appellants on numerous occasions to bring the property into compliance with the regulations, but that Appellants ignored Appellees' attempts.
 {¶ 5} In 2001, Appellees filed a complaint for injunctive relief, Case No. CV 2001-12-6109, asserting zoning ordinance violations. Thereafter, Appellees voluntarily dismissed the case without prejudice.
 {¶ 6} On September 9, 2002, Appellees filed a complaint for declaratory judgment of nuisance and abatement and for zoning enforcement, Case No. CV 02 5031. Specifically, Appellees asserted that the board of trustees and the zoning inspector had found Appellants to be in violation of Franklin Township Zoning Section 301-4z, governing the storage of certain materials on the properties, and Section 301-4p, governing accessory buildings. Appellees sought, among other things, orders to remove the structures and the additions on the properties and to enjoin the additions that would violate Section 301-4p; an order to remove debris and other materials on the properties; and an order to allow Appellees to enforce its regulations.
 {¶ 7} The matter was assigned to a magistrate, who held a trial on October 23, 2002. In a decision dated November 25, 2002, the magistrate concluded that Appellants had failed to comply in a timely fashion with the conditions set forth in the Board's November 2000 letter. The magistrate recommended that the lean-to shed be removed, but that the roof extension could remain. Appellants did not file objections to the motion.
 {¶ 8} On January 13, 2003, the trial court performed an independent review of the case and the magistrate's decision. The trial court adopted the magistrate's decision and set forth the relief to be granted in its judgment entry. Appellants appealed to this Court from the trial court's January 13, 2003 judgment entry. Upon a finding that Appellants' counsel had not been properly served a copy of the magistrate's decision, we reversed the decision of the trial court and remanded the case. Peroz v.Nagel, 9th Dist. No. 21437, 2003-Ohio-6584.
 {¶ 9} On remand, Appellants filed objections to the magistrate's decision, and Appellees replied to the objections. On March 9, 2004, the trial court issued a decision that adopted the magistrate's decision. The trial court ordered that the lean-to shed be completely removed, but allowed the roof extension to remain provided that Appellants file with the court an engineer's report certifying that the roof extension is in compliance with all existing building codes and construction standards. Pursuant to Civ.R. 54(B), the court's judgment also stated that there was no just cause for delay.
 {¶ 10} Appellants have appealed from the trial court's order dated April 7, 2004, asserting two assignments of error. We address Appellants' second assignment of error first, as it is dispositive of this appeal.
 II Assignment of Error Number Two
"The trial court erred in finding a violation of the zoning code when the appellant was still within the time limit of the three years granted by appellee by appellant's Exhibit 1."
 {¶ 11} In their second assignment of error, Appellants have contended that the trial court erred in concluding that a zoning violation had occurred. Specifically, Appellants have argued that no violation has occurred because the time granted by Appellees to make the requisite changes and improvements had not yet expired. This Court disagrees.
 {¶ 12} "[T]he allowance of an injunction rests in the sound discretion of the court and depends on the facts and circumstances surrounding the particular case * * *." Karam v.High Hampton Dev., Inc., 9th Dist. Nos. 21265 21269, 2003-Ohio-3310, at ¶ 18 (Citation omitted). Thus, an appellate court reviews a trial court's grant of an injunction for an abuse of discretion. Garono v. State (1988), 37 Ohio St.3d 171, 173. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 13} Appellants assert that Appellees had granted them conditional approval of the building construction and had given Appellants until at least November 2003 to comply with this conditional approval. In a letter sent to Appellants by the zoning secretary and dated November 21, 2000, the Board informed Appellants of the action that the board took at their November 14, 2000 public hearing, as follows:
"The Franklin Township Board of Zoning Appeals denied the request of Donald Nagel, * * * requesting variances from Section 301-4p of 768 square feet in maximum permitted size for a detached garage and 1'8" in maximum building height at the midpoint between the eaves and ridge in order to build a 32'×48'×19'4" high detached garage at 543 Nevada Drive, subject to the following conditions: 1) an evergreen tree buffer be placed along the Nevada Drive end of the building just off the road right-of-way except where the driveway and the garage door are located and along the northern part of the west end of the building, 2) an evergreen tree buffer be placed along the southeastern 152 foot property line * * *, 3) that all building materials be stored within the completed building and 4) that this project be completed within three years from this date."
Appellants maintain that because they had until November 2003 to comply with these conditions, that Appellees' filing of the complaint for injunctive relief was premature, and that as such Appellees were not entitled to such relief.
 {¶ 14} Appellees maintain on appeal that the actual decision of the Board was to deny the application for a variance. We find that Appellees' position is supported by the record. One can only conclude from the face of the letter that the Board's intended action was to deny the variance. A member of the Board who was involved in this decision, Randall Wagner ("Wagner"), testified, that, although the Board denied the variance, the Board nevertheless set out conditions under which Appellants could build a larger garage, and that they gave Appellants an additional three years to do so. Wagner did testify that Appellants "could make other alterations to [their] land and bring it back to the Board and at that time we will reevaluate it and give it to [them] and grant it." He also stated that to the best of his knowledge, this letter was generated as a result of the Board's hearing.
 {¶ 15} Appellees also argue that the fact that Appellants built the garage without completing the conditions contained in this letter makes the three-year window irrelevant, because they did not comply with the conditions. In the magistrate's decision that the court adopted, the magistrate noted that at the time of its decision, the three-year window had not expired, but concluded that Appellants were not in compliance with these conditions at that time. The only reasonable construction of the terms in the letter is that, in the event Appellants commenced construction, they were required to simultaneously comply with the conditions. However, Appellants began construction but failed to comply with the conditions as set forth in the letter.
 {¶ 16} Therefore, this Court concludes that the trial court did not err in adopting the magistrate's decision, which found Appellants to be in violation of various zoning codes. Thus, we find that the trial court did not abuse its discretion in granting the injunction. See Garono, 37 Ohio St.3d at 173. Accordingly, Appellants' second assignment of error is not well taken.
 Assignment of Error Number One
"The trial court erred in finding a violation of the zoning code regarding the size of the accessory building when there was insufficient evidence presented that a violation existed by clear and convincing evidence."
 {¶ 17} In their first assignment of error, Appellants have contended that the trial court erred in finding that the size of the accessory building violated the zoning ordinances. Specifically, Appellants have argued that there was insufficient evidence to sustain the trial court's finding.
 {¶ 18} Our disposition of Appellants' second assignment of error renders Appellants' first assignment of error irrelevant; accordingly, we need not address it.
 III {¶ 19} Appellants' second assignment of error is overruled. Appellants' first assignment of error is not addressed. The order of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Boyle, J., concurs.