DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the June 20, 2002 judgment of the Erie County Court of Common Pleas, which granted the motion for a new trial filed by appellees, Orpha McGee and Dorothy Tolbert. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellants, Arlene Helmus, Barbara Dye, and Brenda and Joe Garcia, assert the following assignments of error on appeal:
 {¶ 2} "I. The trial court's order granting plaintiff's motion for a new trial violates the doctrine of res judicata.
 {¶ 3} "II. The trial court erred in granting the plaintiff's motion for a new trial on the claims against Brenda and Joe Garcia when there were no questions of fact and called upon the court to rule as a matter of law.
 {¶ 4} "III. The trial court abused its discretion when granting plaintiffs [sic] motion for a new trial."
 {¶ 5} The procedural history of this case is as follows. McGee, Tolbert, Helmus, and Dye are the daughters of Ethel Mae Thompson, deceased, and each is entitled to inherit one-fourth of the estate of Thompson. Brenda and Joe Garcia are the daughter and son-in-law of Helmus. In their first count, appellees alleged that Helmus and Dye interfered with the expectancies of appellees. Appellees alleged that Helmus obtained a power of attorney from Thompson on May 17, 1989, and thereafter used her powers to make gifts of Thompson's property to Helmus and to others, and that Helmus exerted undue influence over Thompson prior to her death. After Thompson's death, appellees alleged, Helmus concealed assets of the estate; converted assets of the estate; intentionally transferred estate assets for less than their reasonable value; or intentionally failed to have estate assets properly appraised. Appellees estimated the value of their share of these assets at $25,000.
 {¶ 6} Appellees alleged in Count 2 that Dye wrongfully removed a truckload of Thompson's personal property and converted it to her own use. The value of appellees' share of these items was estimated at $5,000.
 {¶ 7} Appellees alleged in Count 3 that Brenda and Joe Garcia breached an agreement with McGee and Thompson, which was entered into on May 10, 1993. The parties agreed that McGee would transfer her interest in certain real estate valued at $68,000 if Brenda and Joe Garcia would provide care and companionship to Thompson for the rest of her life. Appellees alleged that the Garcias did not provide proper care for Thompson.
 {¶ 8} Appellants moved for summary judgment. They argued that appellees had no basis for asserting these claims after they failed to make any objections during the administration of the estate. Appellants also argued that the claims in the first two counts were barred by the doctrine of res judicata because appellees filed an action in the Erie County Court of Common Pleas, Probate Division, alleging the same claims and that the court granted judgment in favor of appellants in that case. Appellees opposed the motion arguing that the Erie County Court of Common Pleas Court dismissed the case solely because it lacked jurisdiction to rule on the issues.
 {¶ 9} The trial court denied the motion for summary judgment on July 15, 1998. The trial date was rescheduled several times due to illness of various people. The trial eventually began on April 20, 1999, and ended on April 24, 1999. On June 10, 1999, the court issued its final judgment directing a verdict in favor of appellants and dismissing the complaint with prejudice.
 {¶ 10} On June 25, 1999, appellees sought a new trial under Civ.R. 59(A)(3), arguing that McGee became ill on the third day of trial and was unable to testify. They assert that her testimony was essential to proving their claims. Appellees assert that McGee's illness was an "[a]ccident or surprise which ordinary prudence could not have guarded against." Appellees introduced evidence that McGee was seen in the emergency room on April 23, 1999. McGee testified that she arrived at the courthouse on April 23, 1999, but was unable to come into court because she was ill. She was taken to the emergency room by a friend. The emergency room treated her for a gallbladder attack and gave her some medication to take until she could see her physician on Monday. She was discharged from the hospital at 9:25 a.m. and stopped at a pharmacy for medication before going home. She testified that she was still sick and dizzy throughout the weekend. She could not remember calling her attorney on Friday, but did try on Saturday and was unable to reach him. She had some friends deliver a letter to his office and attempt to call him again. Monday morning, McGee was still sick so she went to see her physician. Based upon the physician's note that was faxed to the court, appellants stipulated that McGee was unable to testify on April 26, 1999. Another witness testified that she informed McGee's attorney on April 23, 1999, that McGee was ill and had been taken to the hospital. On Monday, April 26, 1999, McGee's counsel requested an indefinite suspension and continuance of the trial until McGee could recover, but the motion was denied.
 {¶ 11} Appellants opposed the motion arguing that McGee had other opportunities to testify and that her counsel could have introduced her deposition into evidence due to the circumstances.
 {¶ 12} The motion for new trial was granted on June 20, 2002. Appellants immediately filed an appeal from this judgment.
 {¶ 13} Where the trial court has the discretion to determine whether to grant a motion for a new trial, its decision will not be overturned on appeal unless the court abused its discretion. Rhode v.Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. Where the trial court's decision is not discretionary, it will not be overturned on appeal unless appellant demonstrates that the trial court's decision is contrary to law. O'Day v. Webb (1972), 29 Ohio St.2d 215, paragraph one of the syllabus. An abuse of discretion occurs where the trial court's attitude was unreasonable, arbitrary, or unconscionable. Steiner v.Custer (1940), 137 Ohio St. 448, at paragraph two of the syllabus.
 {¶ 14} In their first assignment of error, appellants contend that the trial court erred by granting the motion for a new trial because it violates the doctrine of res judicata. In their second assignment of error, appellants argue that the trial court erred by granting the motion for a new trial because it should have granted Brenda and Joseph Garcia summary judgment as a matter of law.
 {¶ 15} We cannot address either of these assignments of error. The question of whether the issues raised in the complaint were either barred by the doctrine of res judicata or should have been determined as a matter of law challenges the trial court's ruling on the motion for summary judgment and is irrelevant to the issue of whether the motion for a new trial should have been granted. Appellant indicated, as required by App.R. 3(D), that they were only appealing from the June 20, 2002 judgment. An appeal from a ruling on a motion for a new trial limits the appellate review to only the issue of the motion for a new trial. App.R. 4(A) and L.A. D., Inc. v. Bd. of Lake Cty. Commrs. (Aug. 25, 1980), 11th Dist. App. No. 7-232. This is not a case where appellants mistakenly failed to appeal from the final judgment. Cf. Maritime Mfg.,Inc. v. Hi-Skipper Marina (1982), 70 Ohio St.2d 257. Appellants' first and second assignments of error are not well-taken.
 {¶ 16} Appellants argue in their third assignment of error that the trial court abused its discretion by granting the motion for a new trial. They argue that McGee could have offered her deposition testimony into evidence to avoid a directed verdict. Furthermore, appellants argue that the trial court abused its discretion when it failed to identify the basis for its judgment and because it ignored the holdings in other cases related to this case.
 {¶ 17} First, we find that the trial court did not abuse its discretion by failing to specifically state that it was granting the motion for new trial based upon Civ.R. 59(A)(3) since that was the only basis raised in this case. Second, the holdings in the other cases were irrelevant to issues raised by the motion for a new trial. Finally, we find that appellant has failed to demonstrate that the trial court abused its discretion by granting the motion for a new trial. Appellant's third assignment of error is not well-taken.
 {¶ 18} Having found that the trial court did not commit error prejudicial to appellants, the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.
Judgment affirmed.
Peter M. Handwork, P.J., Richard W. Knepper, J., concur.
Mark L. Pietrykowski, J., concurs in part and dissents in part.