MEMORANDUM OPINION
{¶ 1} On October 4, 2005, appellant, City of Warren, Ohio Police Department, filed a notice of appeal with this court from a September 12, 2005 judgment of the Warren Municipal Court.
 {¶ 2} In the September 12, 2005 judgment entry, the trial court adopted the magistrate's decision and overruled appellant's objections. Specifically, the court found that it had jurisdiction in the matter, and that a replevin action was not proper in this instance. The lower court also granted leave for appellant to file an amended complaint and indicated that the case is set for a hearing on the merits. It is from that entry that appellant filed its notice of appeal.
 {¶ 3} According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. Germ v. Fuerst, 11th Dist. No. 2003-L-116, 2003-Ohio-6241, ¶ 3. The Ohio Legislature in R.C.2505.02(B) has set forth five categories of a "final order" for purposes of the constitutional provision, and if a trial court's judgment satisfies any of the five categories, it will be considered a "final order" which can be immediately appealed and reviewed by a court of appeals. R.C. 2505.02(B) states that:
 {¶ 4} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 7} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 11} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 12} (6) An order determining the constitutionality of any changes to the Revised Code * * *."
 {¶ 13} In the instant matter, the trial court's order does not fit within any of the categories of R.C. 2505.05. Specifically, in this instance, the court essentially concluded that even though the party had designated his claim as one for replevin, that designation was incorrect, and the court had jurisdiction over a potentially properly amended complaint.
 {¶ 14} Furthermore, the order appellant appealed from is simply an interlocutory order since it indicates that the case is set for a hearing on the merits. It is not a final order, and appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached as to all claims and parties when the case is decided and/or dismissed.
 {¶ 15} Based upon the foregoing analysis, this appeal is not a final appealable order.
 {¶ 16} Appeal dismissed.
O'Neill, J., Grendell, J., concur.