DECISION AND JUDGMENT ENTRY
{¶ 1} These appeals come before the court from the Erie County Court of Common Pleas wherein summary judgment was granted to appellees. This court hereby consolidates E-05-066 with E-05-043 and E-05-044 for purposes of rendering a decision. For the reasons that follow, we affirm.
 {¶ 2} This case has a lengthy procedural history. It begins in 1993, when Ethel Mae Thompson died testate in Erie County, Ohio. Among her survivors were daughters Orpha McGee, Dorothy Tolbert, Arlene Helmus and Barbara Dye. All were beneficiaries under Thompson's will. Specifically, each of the daughters was to receive one-fourth of the estate. Arlene Helmus was named executrix. Thompson's will was admitted to probate on August 2, 1993. On September 8, 1993, Arlene Helmus filed, in the Erie County Probate Court, an application to probate the will and an application to relieve the estate from administration. All of Thompson's surviving children received notice of the filings. A hearing was scheduled in probate court for October 12, 1993. At the hearing, Arlene Helmus was appointed Commissioner of the Estate of Ethel Mae Thompson. Helmus thereafter filed a report of distribution, and on June 3, 1994, the estate was closed.
 {¶ 3} On December 12, 1994, McGee filed a complaint in the Erie County Court of Common Pleas against Brenda Garcia, granddaughter of Ethel Mae Thompson and Garcia's husband Joseph. The complaint alleged breach of contract. According to the complaint, an agreement had been reached whereby the Garcias would receive interest in certain real estate in exchange for providing care and companionship to Ethel Mae Thompson until her death. On September 12, 1995, the case was voluntarily dismissed pursuant to Civ.R. 41(A).
 {¶ 4} On June 2, 1995, Orpha McGee and Dorthy Tolbert filed suit in the Erie County Probate Court against Arlene Helmus, Harold and Barbara Dye and the Erie County Treasurer (Case No. 93-1-326A). The complaint alleged that Helmus had negligently and fraudulently administered the estate of Ethel Mae Thompson. On October 4, 1995, the court dismissed the complaint.
 {¶ 5} On January 16, 1997, appellants McGee and Tolbert filed a complaint in the Erie County Court of Common Pleas against appellees Arlene Helmus, Barbara Dye, Joe Garcia and Brenda Garcia. The counts against appellees Helmus and Dye alleged intentional interference with an inheritance. The count against appellees Joe and Brenda Garcia again alleged breach of contract. A jury trial commenced on April 21, 1999. On June 9, 1999, the trial court granted the appellees' motion for directed verdict and dismissed the case with prejudice.
 {¶ 6} On June 25, 1999, Appellants filed a motion for a new trial. The motion was granted on June 20, 2002. Appellees appealed the court's ruling to this court. On January 23, 2004, in McGee, et al. v. Helmus, et al., 6th Dist. No. E-02-026,2004-Ohio-278, this court affirmed the decision of the trial court.
 {¶ 7} On September 30, 2004, appellees filed a motion for summary judgment. On May 6, 2005, the trial court granted the motion. Appellants now appeal setting forth the following assignments of error:
 {¶ 8} "I. The trial court by its judgment entry in case no. 97-CV-049 and its judgment entry in case no. 2002-CV-357 committed reversible error in each case, because there were no certified and admissible entries from any other court which raised any issues of res judicata; and plaintiffs below by their "plaintiff's [sic] responses and memorandum of law opposing summary judgment and for oral hearing hereon", pointed out there were no certified and admissible copies. Page 2 et seq., and plaintiffs below by plaintiffs appellants Orpha McGee submitted her lengthy, affidavit on June 25, 1999, attached to her motion for a new trial, showed evidence of undue influence, intentional interference with plaintiffs' rights of inheritance, by all defendants, and also a conspiracy between all defendants to cooperate with defendants Garcia in securing unlawfully the Columbus property, and other torts of conversion, conspiracy to commit the same, and the evidences submitted called for the denial of defendants [sic] summary judgment motion."
 {¶ 9} "II. When a court orders the two (2) related cases to be consolidated, under Rule 42, and in the first case, a party files a motion for summary judgment, the trial court can validly rule on the first case with its motion for summary judgment filed therein, but the trial court cannot grant summary judgment in the second case, because no motion was filed nor argued and briefed therein."
 {¶ 10} "III. The trial court in granting defendant-appellees' motion for summary judgment, prejudicially erred when appellant offers evidence and legal precedents, showing that there was no admissible evidence of any proceedings in probate court, because the references to said proceedings was not evidenced by certified copies nor by any other admissible evidence; and in the probate court proceedings plaintiff-appellant McGee was not given a full and fair opportunity to state her objections, which are basically stated in her complaint herein and voluminous conversion and deprivation of inheritance by defendant-appellees."
 {¶ 11} Initially we will consider appellants' second assignment of error. Appellants contend that the Garcias did not file a motion for summary judgment. This argument is without merit as the record shows that appellants' cases against all appellees were consolidated on September 15, 2004. On September 30, 2004, Arlene Helmus, et al., filed a motion for summary judgment. Appellants' second assignment of error is found not well-taken.
 {¶ 12} In their first and third assignments of error, appellants contend that the court erred in granting summary judgment to appellees.
 {¶ 13} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated:
 {¶ 14} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 67, Civ.R. 56(C).
 {¶ 15} In granting summary judgment to appellees on the two claims alleging tortious interference with an inheritance, the trial court found appellants' claims to be barred by the doctrine of res judicata.
 {¶ 16} The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (known as collateral estoppel). We believe that this case involves the concept of claim preclusion. With regard to the claim preclusion element of res judicata, the Supreme Court of Ohio has stated: "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them" Norwood v. McDonald (1943),142 Ohio St. 299, paragraph one of the syllabus.
 {¶ 17} Later, in Natl. Amusements, Inc. v. Springdale
(1990), 53 Ohio St.3d 60, 62, the Supreme Court of Ohio expanded upon that concept and stated: "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" (Emphasis sic) (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67.) The court in Springdale further declared that "the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id.
 {¶ 18} The Supreme Court of Ohio has adhered to its earlier interpretation and applications of the doctrine of res judicata. See Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, paragraph one of the syllabus, holding that under the doctrine of res judicata "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claims arising out of the transaction or occurrence that was the subject matter of the previous action." See, also, Brown et al. v. City of Dayton etal. (2000), 89 Ohio St.3d 245.
 {¶ 19} Further, the Supreme Court of Ohio has stated that the phrase "claims which might have been litigated" in the first lawsuit has possible misleading connotations and noted that courts "prefer to refer instead to `claims which should have been litigated' in the first lawsuit." Holzemer v. Urbanski (1999),86 Ohio St.3d 129, 133, fn. 2, citing Wilkins v. Jakeway
(S.D.Ohio 1998), 993 F.Supp. 635, 645.
 {¶ 20} In their complaint, appellants alleged that appellees Helmus and Dye transferred, diverted or concealed certain items of tangible personal property that would have gone to appellants through the administration of probate had it not been for Helmus and Dye's tortious actions. Appellants made the same claim against the same parties in 1995, in Case No. 93-1-326A which the probate court dismissed. Appellants did not appeal that decision. Based on the foregoing, we conclude that the trial court did not err in finding appellants' claims of tortious interference with an inheritance to be barred by the doctrine of res judicata.
 {¶ 21} As for appellants' claim of breach of contract against the Garcias, the court found that appellants lacked standing to bring the action. We agree. The contract at issue was between Ethel Mae Thompson and the Garcias. Under the agreement, the Garcias were to provide care for Thompson in consideration for Thompson retaining a life estate of her property with a remainder interest to be transferred to the Garcias at her death. With Thompson now deceased, any action on the contract with the Garcias can only be brought by a fiduciary appointed by the probate court to represent Thompson's estate. Neither appellant Helmus nor Tolbert serve in this role. Appellants' second and third assignments of error are not well-taken.
 {¶ 22} Finding summary judgment to be appropriate in this matter, we affirm the judgment of the Erie County Court of Common Pleas. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County. Costs to appellant pursuant to App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J. Skow, J. Parish, J. Concur.