JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, the city of Cleveland and Mayor Frank Jackson, appeal the March 30, 2007 trial court judgment sanctioning them in the amount of $59,000 and awarding attorney fees to plaintiff-appellant, Municipal Construction Equipment Operators ("MCEO").
 {¶ 2} The record before us demonstrates that MCEO filed this action in the court of common pleas on May 22, 2006 to obtain a judgment confirming and enforcing a Federal Mediation and Conciliation Service arbitration award. The arbitration award determined that appellants had failed to comply with their obligations set forth in the parties' February 14, 2005 collective bargaining agreement. The dispute between the parties arose from the section of the collective bargaining agreement that required appellants to comply with its Civil Service Commission job descriptions in assigning the MCEO employees work, and attempting to avoid assigning their work to other city employees.
 {¶ 3} Appellants filed a motion to vacate the arbitration award, which was denied on September 29, 2006. In that September 29 judgment, the trial court confirmed and adopted the arbitration award as the judgment of the court. No appeal was taken. Ultimately, MCEO filed a motion for show cause, requesting appellants to show why they should not be held in contempt for violating the court's September 29 judgment. A hearing was held on MCEO's motion, and in a judgment dated November 20, 2006, the trial court found appellants in contempt. In that *Page 4 
November 20 entry, the court required appellants to prepare and file by December 8, 2006, a proposal describing how they would comply with the court's September 29 entry confirming the award. The November 20 entry also required compliance with appellants' proposal, and any modifications made to it by the trial court, to avoid $1,000 per day sanctions.
 {¶ 4} Appellants filed their proposal in accordance with the court's November 20 judgment. In a judgment entry dated December 20, 2006, the court found that appellants' proposal was not satisfactory and modified it. The court further stated in that judgment that appellants' failure to comply with the modifications (which were in essence a purge) would result in imposition of the $1,000 per day sanctions. Appellants appealed the December 20 judgment, and this court dismissed that appeal for lack of a final appealable order. Mun. Constr. Operators v.Cleveland (Mar. 8, 2007), Cuyahoga App. No. 89246, Motion No. 392290. MCEO then filed a motion for the imposition of sanctions.
 {¶ 5} On February 23, 2007, the court held a hearing on MCEO's motion for imposition of sanctions. On March 30, 2007, judgment was entered as a result of that hearing, and it is from that judgment that appellants appeal.[1] *Page 5 
 {¶ 6} In their first assignment of error, appellants contend that the trial court erred in holding them in contempt for failure to implement the plan they submitted. In their second assignment of error, appellants contend that the trial court erred in modifying their proposal to comply with the arbitration award. Specifically, appellants argue that the modification in effect modified the arbitration award without a finding pursuant to R.C. 2711.11 that the arbitrator exceeded his authority or that there was a circumstance such as fraud, misconduct, or mistake. In essence, both assignments of error challenge the court's decision finding appellants had failed to purge their contempt.
 {¶ 7} A trial court may employ sanctions to coerce a party who is in contempt into complying with a court order. Peach v. Peach, Cuyahoga App. Nos. 82414 and 82500, 2003-Ohio-5645, ¶ 37. Any sanction for civil contempt must allow the party who is in contempt an opportunity to purge the contempt. Tucker v. Tucker (1983), 10 Ohio App.3d 251, 252,461 N.E.2d 1337. A trial court abuses its discretion in ordering purge conditions that are unreasonable or where compliance is impossible.Burchett v. Miller (1997), 123 Ohio App.3d 550, 552, 704 N.E.2d 636. The party who is in contempt bears the burden of presenting sufficient evidence at the contempt hearing to establish that the trial court's purge conditions are unreasonable or impossible for him to satisfy.Marx v. Marx, Cuyahoga App. No. 82021, 2003-Ohio-3536, ¶ 22. *Page 6 
 {¶ 8} The city argues that "[its] position is [that its December 8, 2006 proposal] fully complied with the arbitration award when it submitted a plan to begin reassignments of certain work traditionally performed by members of other bargaining units."
 {¶ 9} The city's blanket statement does not demonstrate that the court's March 30 judgment was unreasonable, arbitrary, or unconscionable. A review of the eight page decision reveals that, in fact, the court's decision was not an abuse of discretion. At the purge hearing, the court considered the testimony of eight witnesses. The court also considered "Option 1," introduced into evidence by MCEO. Option 1 was a document that outlined a plan by appellants to comply with the court's November 20 order. Appellants decided not to attempt to follow Option 1, however, and submitted another proposal. The court stated that, "[h]ad defendants submitted a plan resembling the broader, more comprehensive Option 1, the Court might have found that Defendants were at least making a significant effort to attempt not to assign work falling within the craft jurisdiction of MCEO employees to other City workers."
 {¶ 10} The court did not abuse its discretion in its purge order; appellants did not establish that the order was unreasonable or impossible. Accordingly, appellants' two assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants the costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] We do not consider errors alleged by appellants in regard to judgments or orders other than the March 30 judgment, as that was the only judgment attached to their notice of appeal. See App.R. 3(D);Armbruster v. Hampton, Lorain App. No. 05CA008716, 2006-Ohio-4530, ¶ 17.
PGPage 1