JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Rhinopak, L.P. appeals the court's order releasing various documents after an in camera inspection. After reviewing the facts of the case and pertinent law, we dismiss this case.
 I {¶ 2} On September 18, 2001, plaintiff-appellee Patt Hollis III filed an intentional tort claim against his former employer, Hi-Port Aerosol, Inc., based on unsafe working conditions which led to Hollis being severely burned over more than half of his body. On August 28, 2002, Hollis amended his complaint to include various other corporate defendants, one of which was Rhinopak, L.P. Hollis sued Rhinopak under a successor liability theory; however, on February 4, 2004, Hollis voluntarily dismissed Rhinopak from the action without prejudice.
 {¶ 3} The case went to trial on May 12, 2004 against Hi-Port Aerosol, which was by now a defunct company no longer represented by counsel. Nonetheless, *Page 4 
after a bench trial the court ruled in favor of Hollis and awarded $8 million in damages.[1] This award was journalized on August 4, 2004.
 {¶ 4} On January 19, 2005, Hollis filed a motion to appoint a receiver under R.C. 2735.01. On January 27, 2005, the court granted this motion, stating: "The court finds, by clear and convincing evidence, that the appointment of a receiver is necessary for the protection and preservation of plaintiff's rights and to carry into effect this court's judgment, pursuant to R.C. 2735.01 et. seq."
 {¶ 5} On February 2, 2005, Hollis filed a "supplemental complaint" pursuant to Civ. R. 15(E) against various insurance entities under R.C. 3929.06, and against Rhinopak as a successor in interest. Rhinopak lists the purpose of this complaint as "to join new parties to enforce the judgment entered in this case." The motion also requested that the appointed receiver be allowed to intervene and join the action in the interest of enforcing the judgment against Hi-Port Aerosol. The court granted this motion, and service was perfected against Rhinopak on February 24, 2005. *Page 5 
 {¶ 6} On March 10, 2005, Rhinopak removed the case to federal court based on diversity jurisdiction. In its removal action, Rhinopak improperly presented the same argument it now presents on appeal — namely, that the court did not have the authority to grant Hollis' motion to file a "supplemental complaint." Without reaching a conclusion on the lower court's ruling, the federal court found that it "should not and will not act as a super state Court of Appeals." See Hollis v.Hi-Port Aerosol, Case No. 1:05CV0705. On July 20, 2005, the United States District Court for the Northern District of Ohio remanded the case back to the state court. Id.
 {¶ 7} For the next two years plus, Rhinopak and Hollis engaged in a discovery battle in which Rhinopak repeatedly resisted Hollis' attempts to discover various documents allegedly related to the issue of Rhinopak's successor liability. On June 1, 2007, after Hollis filed three motions to compel, Rhinopak produced a privilege log listing documents it claimed were immune from discovery based on attorney-client privilege. On June 8, 2007, Hollis requested an in camera inspection of the documents. On October 11, 2007, after conducting the in camera inspection, the court issued an order releasing all but a few of the documents. It is from this order that Rhinopak appeals.
 II {¶ 8} In its first assignment of error, Rhinopak argues as follows: "The trial court erred by entering an order requiring the disclosure of privileged documents in a case in which it has unambiguously been divested of jurisdiction as to the claims *Page 6 
against the appellant." Specifically, Rhinopak argues that the court lacked authority to order it to produce documents because the court's jurisdiction ended with final judgment. Rhinopak's argument calls into question the trial court's action on February 7, 2005, when it granted Hollis' motion to file a supplemental complaint. None of Rhinopak's arguments under this first assignment of error are unique to the court's October 11, 2007 order concerning the in camera inspection.
 {¶ 9} Without reviewing the merits of Rhinopak's argument, we conclude that this issue is not properly before us on appeal in the instant case. We first note that App. R. 3(D) states, in pertinent part, "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * *." The notice of appeal in the instant case states that Rhinopak "hereby appeals to the Eighth District Court of Appeals from the order of the Cuyahoga County Court of Common Pleas requiring Rhinopak to divulge privileged documents signed by the Judge on October 10, 2007 and entered in this action on the 11th day of October, 2007." Rhinopak attached this order to the notice of appeal. No other orders or judgment entries were mentioned or made part of the notice of appeal.
 {¶ 10} "The purpose of a notice of appeal is to notify the appellees of the appeal and advise them of `just what appellants * * * [are] undertaking to appeal from.'" State v. Howard, Montgomery App. No. 21678, 2007-Ohio-3582 (internal citations omitted). Generally, this court will not consider assignments of error regarding judgments or orders not designated in the notice of appeal. Mun. Constr. *Page 7 Equip. Operators v. City of Cleveland, et al., Cuyahoga App. No. 89729,2008-Ohio-1826, at footnote one. See, also, McGee v. Helmus, Erie App. No. E-02-026, 2004-Ohio-278 (holding that "[a]n appeal from a ruling on a motion for a new trial limits the appellate review to only the issue of the motion for a new trial"); App. R. 12(A)(1)(a) (stating that "a court of appeals shall * * * [r]eview and affirm, modify, or reverse the judgment or final order appealed").
 {¶ 11} Nonetheless, had Rhinopak properly identified the February 7, 2005 order granting Hollis' supplemental complaint, we likewise would decline to review this assignment of error for lack of a final appealable order. A trial court's judgment is reviewable by an appellate court only if it is a final order. R.C. 2505.02(B) delineates what constitutes a final order for purposes of appellate review:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply: *Page 8 
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action;
 (6) An order determining the constitutionality of any changes to the Revised Code * * *;
 (7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code."
 {¶ 12} In the instant case, the court's order granting Hollis' motion to file a supplemental complaint does not fit within any of the above categories of what constitutes a final appealable order. See Johnson v.City of Warren, Trumbull App. No. 2005-T-0117, 2005-Ohio-6904 (holding that a court order concluding that it "had jurisdiction over a potentially properly amended complaint" was not a final appealable order). *Page 9 
 {¶ 13} "Furthermore, the order appellant appealed from is simply an interlocutory order since it indicates that the case is set for a hearing on the merits. It is not a final order, and appellant will have a meaningful and effective remedy by means of an appeal once a final judgment is reached as to all claims and parties when the case is decided and/or dismissed." Id.
 {¶ 14} See, also, Wilmington Steel Products, Inc. v. Cleve. Elec.Illum. Co. (1991), 60 Ohio St.3d 120 (substantively reviewing the denial of a motion to amend a complaint after the court issued a directed verdict in favor of one of the parties); Slanco v. Vindicator PrintingCo. (1984), 14 Ohio App.3d 326 (holding that an order granting a motion to dismiss an amended complaint is not a final order within the meaning of R.C. 2505.02).
 {¶ 15} Accordingly, as Rhinopak failed to comply with App. R. 3(D), and because the court's February 7, 2005 order is not final, we will not review the court's authority to grant Hollis' supplemental complaint and will not consider Rhinopak's first assignment of error.
 III. {¶ 16} In Rhinopak's second and final assignment of error, it argues that "[t]he trial court abused its discretion in ordering the release of the documents protected by the attorney-client privilege."
 {¶ 17} Generally, discovery issues are interlocutory in nature and do not constitute final appealable orders. However, provisional remedies ordering *Page 10 
discovery of alleged privileged material are final and appealable.Smalley v. Friedman, Domiano Smith Co., LPA, Cuyahoga App. No. 83636,2004-Ohio-2351. Additionally, disposition of discovery issues is within the sound discretion of the trial court. Lostracco v. Cleve. ClinicFound., Cuyahoga App. No. 86924, 2006-Ohio-3694.
 {¶ 18} In the instant case, the court's October 11, 2007 discovery order reads in its entirety as follows:
 "After conducting an in camera inspection the court makes the following order:
 No. 65 Not relevant, not released
 No. 66 Unredacted version not relevant, redacted version released
 No. 67 It appears that the redacted and unredacted versions have
 been mislabeled, redacted version released
 No. 68 Release unredacted version
 No. 69 Release unredacted version
 No. 70 Not relevant, not released
 No. 71 Release unredacted version
 No. 72 Release unredacted version
 No. 73 Release unredacted version
 No. 74 Release unredacted version
 No. 75 Release unredacted version
 No. 76 Release unredacted version except two other clients not related, these redacted prior to release.
 All other documents not listed are released. Plaintiff may pick up documents in judge's chamber's [sic] 19(C)."
 {¶ 19} In looking at the documents that Rhinopak alleges are protected by the attorney-client privilege, we found no documents numbered 65 through 76. Rather, the documents are separated by tabs numbered one through nine, then individually *Page 11 
stamped numbers RP-008543 through 8563, 8565 through 8621, and 8679 and 8680. Accordingly, on July 24, 2008, we ordered Rhinopak to supplement the record with a list identifying each document so that we may substantively review the court's October 11, 2007 order.
 {¶ 20} On July 29, 2008, Rhinopak submitted a list; however, it did not clarify this court's numbering quandary. Incorporated into Rhinopak's list was the following statement:
 "Although Appellant challenges the Trial Court's jurisdiction to enter any order regarding Appellant * * *, Appellant has not otherwise challenged the Trial Court's substantive determination regarding the remaining documents addressed by the Trial Court's October 11, 2007 Order * * *. Thus, these documents are not directly at issue on appeal."
 {¶ 21} We take this statement to mean that Rhinopak concedes its second assignment of error. Accordingly, we will not consider the merits of Rhinopak's second assignment of error.
Case dismissed.
It is ordered that appellees recover of appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS; ANN DYKE, J., CONCURS IN PART AND DISSENTS IN PART
[1] Three of Hollis' children, who were also plaintiffs in the case, were awarded an additional $300,000 each, for a total award of $8.9 million.