[Cite as *In re S.F.*, 2010-Ohio-4865.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

IN THE MATTER OF: : Case No. 10CA3163
:
S.F. : **Released: September 30, 2010**
: ENTRY
ADJUDICATED DEPENDENT CHILD. :
_____
APPEARANCES:

Robert W. Schrimpf, Cincinnati, Ohio, for Appellant, Herbert Blevins.

Michael A. Ater, Ross County Prosecuting Attorney, and Judith Heimerl Brown, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee, State of Ohio.

James E. Barrington, Chillicothe, Ohio, Guardian Ad Litem and counsel for S.F.

Dr. Anna Villarreal Jenkins, Chillicothe, Ohio, for Appellee, Tabitha Worley.[1]
_____

McFarland, P.J.:

{¶1} Appellant, Herbert Blevins, appeals from the decisions of the Juvenile Court of Ross County terminating his parental rights, granting permanent custody of his daughter to Ross County Job and Family Services and denying his motion to plea out of rule in order to file untimely objections to the Magistrate's Decision. On appeal, Appellant contends that the trial court erred in denying his motion to file objections to the

_____
[1] The child's mother, Tabitha Worley, is not participating in the appeal of this matter.

Magistrate's Decision out of rule. Because the record reflects that Appellant failed to timely file objections to the magistrates decision, he cannot raise any error with respect to that decision on appeal. Further, because Appellant simultaneously filed a notice of appeal with this Court when he filed his motion to plea out of rule with the lower court, we conclude that the trial court was divested of jurisdiction to consider Appellant's motion. Accordingly, Appellant's appeal is dismissed.

FACTS

{¶2} On, June 12, 2006, the Ross County Department of Jobs and Family Services filed a complaint in the Juvenile Division of the Ross County Court of Common Pleas alleging that S.F., approximately 18 months old at the time, was a dependent child. On April 7, 2009, a magistrate's decision was issued terminating the parental rights of Appellant and placing S.F. in the permanent custody of the Ross County Department of Job and Family Services. On the same day, the trial court issued a journal entry adopting magistrate's decision. This journal entry was accompanied by a certificate of service, which listed Appellant, as well as Appellant's counsel. This journal entry provided the following admonition:

"A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by [Civ.R.

53(D)(3)(b)][Juv.R. 53 (D)(3)(b)]. You have fourteen days to file objections and thirty days to file a notice of appeal."

Accordingly, the time period for filing objections to the magistrate's decision ended on April 21, 2009.

{¶3} On April 26, 2009, Appellant filed a motion to plea out of rule and objections to the magistrate's order, claiming that he was not served with a copy of the magistrate's decision and therefore should be permitted to file objections out of rule. On the same day, April 26, 2009, Appellant also filed a notice of appeal with this Court, attaching to his notice copies of the magistrate's decision and trial court's journal entry, both dated April 7, 2009. The record further contains an entry by the trial court denying Appellant's motion to plea out of rule, filed on April 26, 2009. Appellant now brings his appeal, assigning a single issue for our review.

## ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO FILE OBJECTIONS TO THE MAGISTRATE'S DECISION OUT OF RULE."

## LEGAL ANALYSIS

{¶4} In his sole assignment of error, Appellant contends that the trial court erred in denying his motion to file objections to the Magistrate's Decision out of rule. Under this assignment of error, Appellant submits the following issue to be decided:

"When the father of an adjudicated dependent child did not receive actually [sic] notice of a magistrate's decision granting the Department of Job and Family Services permanent custody of his child, the court abused its discretion in refusing to allow the father to file his objections to the magistrate's decision out of time."

Thus, Appellant's argument hinges on service, claiming that he did not receive notice of the filing of the magistrate's decision and that, as such, the trial court erred and abused its discretion in denying his motion to file objections beyond the fourteen day time limit for doing so, as per Juv.R. 40. However, for the following reasons, we conclude that Appellant's appeal must be dismissed.

{¶5} As set forth above, the magistrate's decision terminating Appellant's parental rights was filed on April 7, 2009. The trial court's journal entry adopting the magistrate's findings was filed the same day, along with a certificate of service indicating that Appellant was served by regular mail, and that his counsel was served by placing a copy of the entry in her box. Thus, the fourteen day limit for the filing of the objections to the magistrate's decision fell on April 21, 2009. On April 26, 2009, Appellant filed a motion to plea out of rule accompanied by objections to the magistrate's decision. At the same time, Appellant also filed a notice of appeal with this court, attaching both the magistrate's decision and the journal entry by the trial court dated April 7, 2009. The record further

reflects that the trial court issued an entry on April 26, 2009, denying Appellant's motion to file out of rule.

{¶6} Because Appellant failed to timely file objections to the magistrate's decision, he did not preserve his right to appeal from that order. Juv.R. 40(D)(3)(b)(iv) ("* * * a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."). As a result, we construe Appellant's appeal as being from the trial court's denial of his motion to plea out of rule, requesting that he be permitted to file untimely objections. However, because Appellant filed a simultaneous notice of appeal with this Court, the trial court was deprived of jurisdiction to consider Appellant's motion to plea out of rule. *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 347 N.E.2d 552 ([w]hen an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal."); *State v. Stevens*, (July 12, 1979), Pike App. No. 317, 1979 WL 206944.

{¶7} Thus, the trial court was without jurisdiction to rule on that motion. Because Appellant failed to timely file objections to the magistate's

decision and then divested the court of jurisdiction to consider his motion to file the objections out of rule, Appellant's appeal is dismissed.

**APPEAL DISMISSED.**

*Kline, J., concurring:*

{¶8} I concur in the judgment of dismissing the appeal but for a different reason. Under App.R. 3(D), Appellant only appealed the juvenile court's April 7, 2010 judgment, not the court's April 26, 2010 judgment. See Appellant's Notice of Appeal. Appellant's sole assignment of error involves the April 26, 2010 judgment. Thus, I would find that Appellant's asserted assignment of error is not properly before the court. See, e.g., *Buckeye Union Ins. Co. v. Stiffler* (1992), 81 Ohio App.3d 227, 231; *Hollis v. Hi-Port Aerosol, Inc.*, Cuyahoga App. No. 90546, 2008-Ohio-4230, at ¶9-10.

*Harsha, J., dissenting:*

{¶9} I agree that the filing of the notice of appeal divested the trial court of jurisdiction to rule on the motion to extend the time for objections. And although I also agree that we lack jurisdiction to review the merits of this appeal, I cannot join in the decision to dismiss it. Rather, I would remand the matter to the trial court with instructions to consider appellant's

motion for an extension of time to file objections under Civ.R. 53(D)(5). See *In Re C.J.P.*, Franklin App. No. 08AP-665, 2009-Ohio-1552 (leaving final judgment in attorney's courthouse mailbox is not proper service under Civ.R.58(B) and Civ.R.5(B)); *Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954 (Civ.R.5(B) requires service upon a party represented by counsel of record must be made upon the attorney unless the court expressly orders otherwise; failure to serve the party's attorney actually tolls the time for filing an appeal [citing *Swander Ditch Landowners' Assoc. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131])*; Coles v. Lawyer's Title Ins. Corp.*, 163 Ohio App.3d 659, 2005-Ohio-5360 (leaving judgment in attorney's courthouse mailbox is not proper service).

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Kline, J.: Concurs in Judgment Only with Opinion.
Harsha, J.: Dissents with Dissenting Opinion.

For the Court,


BY: _____
Matthew W. McFarland
Presiding Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**