DECISION AND JOURNAL ENTRY
{¶ 1} Appellants appeal from a judgment entry of the Summit County Court of Common Pleas adopting a magistrate's findings of fact and conclusions of law and entering judgment for Appellees[1] on a charge of a zoning violation. We reverse and remand
 I. {¶ 2} On December 12, 2001, the Appellees filed a complaint for declaratory judgment regarding an alleged zoning violation on the part of Appellants. The clerk's office assigned the case to Judge Schneiderman, who, in turn, assigned the case to a magistrate. The magistrate conducted a pretrial hearing on July 1, 2002, and set the matter for trial on September 5, 2002. On September 5, 2002, Appellees asked for, and received, a dismissal of the case without prejudice.
 {¶ 3} Appellees refiled the case on September 9, 2002. The clerk's office assigned the case to Judge Murphy, who reassigned it to the same magistrate who heard the prior case. The magistrate issued a decision on November 25, 2002, in favor of Appellees on all aspects except a roof extension on a garage. The clerk's office mailed Civ.R. 58(B) notices to the Appellees' attorney and the Appellants, but not the attorney of record for Appellants. Having received no objections to the magistrate's decision, the trial court adopted the decision and entered judgment. Appellants timely appealed.
 {¶ 4} On February 12, 2003, the same day this appeal was filed, Appellants also filed a Civ.R. 60(B) motion in the trial court; Appellees responded in opposition. In the appellate briefs, both parties claim that the motion was denied; however, there is nothing in the trial court docket indicating that the trial court ruled on the motion.[2]
Regardless, Appellants appeal from the judgment entry of the trial court which adopted the magistrate's report and entered judgment. Appellants raise four assignments of error.
 II. Assignment of Error No. 1
"THE TRIAL COURT ERRED BY NOT SENDING A COPY OF THE MAGISTRATE'S DECISION TO THE APPELLANT'S TRIAL COUNSEL."
 {¶ 5} In the first assignment of error, Appellants argue that because the clerk of courts did not mail notice of the magistrate's decision to counsel of record, then Appellants had no opportunity to file objections to the magistrate's report. Therefore, Appellants claim that this court should reverse the trial court's decision and allow Appellants to go back into the trial court to contest the magistrate's decision. We agree.
 {¶ 6} Civ.R. 53 states in pertinent part:
"(E) Decisions in referred matters. * * * [A]ll matters referred to magistrates shall be decided as follows:
"(1) Magistrate's decision. * * * The magistrate shall prepare, sign, and file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys.
"* * *
"(3) Objections.
"(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. * * *.
"(4) Court's action on magistrate's decision.
"(a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision."
 {¶ 7} Civ.R. 58(B) requires the clerk, within three days of entering judgment, to serve the parties with a notice of the judgment pursuant to Civ.R. 5(B).
 {¶ 8} Civ.R. 5(B) states that:
"Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court."
 {¶ 9} No one contests that Appellants were represented by an attorney. The official record from the trial court demonstrates that the notice of the magistrate's decision was mailed to three Appellants and the attorney for Appellees; namely, Alfred E. Schrader; Donald Nagel, individually and for the Nagel Family Revocable Living Trust; Mildred J. Nagel, Trustee of the Nagel Family Revocable Trust; and the Nagel Family Revocable Living Trust. There is no record of notice being mailed to the attorney for Appellants.
 {¶ 10} "Controlling case law makes it clear that proper service under the civil rules is mandatory[.]" Jackson v. Davenport (June 22, 1994), 2nd Dist. No. 93CA75; see, also, Swander Ditch Landowners' Assn.v. Joint Bd. of Huron Seneca Cty. Commrs. (1990), 51 Ohio St.3d 131. "When service is required to be made upon a party who is represented by an attorney of record, service should be made upon the attorney unless the court expressly orders that it be made upon the party." Swander,
51 Ohio St.3d at syllabus. (Civ. R. 5[B], applied.)
"The reasoning for the requirement that an attorney of record be served is that a party represented by counsel usually speaks through his counsel. Counsel is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken." Id. at 134.
 {¶ 11} The Jackson court was applying Civ.R. 5(B) to a case falling under the former Civ.R. 58, which governed referees' reports. The current version of Civ.R. 58 pertains to magistrates; however, this court finds that the principles are the same. The failure to provide notice to the attorney of record frustrates the process of review of a magistrate's decision and is contrary to the mandates of the civil rules. Therefore, we sustain Appellants' first assignment of error, vacate the judgment of the trial court, and remand so that Appellants may enter their objections for the trial court's consideration.
 Assignment of Error No. 2
"THE TRIAL COURT ERRED WHEN THE JUDGE WHO APPROVED THE MAGISTRATE'S DECISION WAS NOT THE JUDGE TO WHOM THE LOCAL RULES HAD ASSIGNED THE CASE IN THE TRIAL COURT THUS IT WAS NOT APPROVED BY THE JUDGE TO WHOM IT WAS ASSIGNED."
 Assignment of Error No. 3
"THE TRIAL COURT ERRED IN FINDING A VIOLATION OF THE ZONING CODE REGARDING THE SIZE OF THE ACCESSORY BUILDING WHEN THERE WAS INSUFFICIENT EVIDENCE PRESENTED THAT A VIOLATION EXISTED BY CLEAR AND CONVINCING EVIDENCE."
 Assignment of Error No. 4
"THE TRIAL COURT ERRED IN FINDING A VIOLATION OF THE ZONING CODE WHEN APPELLANT WAS STILL WITHIN THE TIME LIMIT OF THE THREE YEARS GRANTED BY APPELLANT'S EXHIBIT 1."
 {¶ 12} Our ruling on the first assignment of error is dispositive of this appeal. Therefore, we decline to address the remaining assignments of error. App.R.12(A)(1)(c).
 III. {¶ 13} Appellants' first assignment of error is sustained. We decline to address the remaining three assignments of error. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further action.
Judgment reversed and cause remanded.
Slaby, P.J. and Whitmore, J., concur.
[1] Appellees are Steve Peroz, the Franklin Township Zoning Inspector and the Franklin Township Board of Trustees and its members: Al Bollas, Chair, Frances L. Kalapodis, Vice Chair, and Paul F. Adamson, Trustee.
[2] "A trial court does not have jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon a Civ.R. 60(B) motion is null and void." Reese v. Proppe
(1981), 3 Ohio App.3d 103, 104. Jurisdiction may be conferred upon the trial court only through an order remanding the matter for a consideration of such motion. Howard v. Catholic Social Serv. of CuyahogaCty., Inc. (1994), 70 Ohio St.3d 141, 147.