DECISION
{¶ 1} Appellant, Robert M. Myers, III, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the motion of appellee, Dodi C. Myers, for child support from appellant. Because the record lacks evidence that appellant was served with a copy of the magistrate's decision, we vacate the trial court's judgment.
 {¶ 2} On October 5, 2001, the parties filed a petition for dissolution of their marriage and, on November 21, 2001, the trial court granted the petition, filing a decree of dissolution of the marriage. Pursuant to a shared parenting plan, neither party was to pay child support.
 {¶ 3} On April 8, 2003, appellee filed a motion seeking modification of the allocation of parental rights and responsibilities, as well as an award of child support. As a result of mediation, the parties entered into a Memorandum of Agreement regarding custody. The agreement ultimately was transcribed into an Amended Shared Parenting Plan that the trial court approved in an Amended Decree of Shared Parenting.
 {¶ 4} The parties, however, were unable to agree on the child support aspect of appellee's motion. As a result, the matter was presented to a magistrate of the trial court on the parties' affidavits. On October 27, 2003, the magistrate issued a decision awarding appellee child support; the trial court adopted the magistrate's decision on the same day. On November 5, 2003, appellant filed a notice of appeal, assigning the following errors:
I. The trial court erred in awarding child support andbackdating the order to put the appellant in arrears.
II. The trial court erred in awarding child support to thedefendant without proof of financial necessity.
 {¶ 5} Before reaching appellant's two assigned errors, we first address appellant's assertion that he was not served with a copy of the magistrate's decision, with the result that appellant filed no objections to the decision.
 {¶ 6} Pursuant to Civ.R. 53(E)(1), a magistrate must "file a magistrate's decision of the referred matter with the clerk, who shall serve copies on all the parties or their attorneys." The parties then have 14 days to file written objections to the magistrate's decision. Civ.R. 53(E)(3)(a). The failure to file objections carries substantial consequences: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(d). Accordingly, if the clerk's office served the magistrate's decision, and appellant failed to file objections, he waives such errors on appeal. State ex rel. Booher v. Honda of Am. Mfg.,Inc. (2000), 88 Ohio St.3d 52, 53; Group One Realty, Inc. v.Dixie Internatl. Co. (1998), 125 Ohio App.3d 767, 768. If, however, appellant's failure to file an objection was the result of the clerk's failure to serve appellant with the magistrate's decision, the waiver provision of Civ.R. 53(E)(3)(d) does not apply. Graham v. Graham, Franklin App. No. 02AP-720, 2003-Ohio-351, at ¶ 18.
 {¶ 7} According to the record, the magistrate's decision was filed on October 27, 2003, and judgment was entered the same day. Pursuant to the terms of the judgment entry, copies of the decision "were mailed to the parties and/or their attorneys of record." The record, indeed, reflects that a copy of the judgment entry, magistrate's decision, exhibit, shared parenting decree and plan were sent to counsel for appellee. By contrast, however, the record indicates appellant and appellee, individually, were served with a copy of "FORM 1, NTC, ADDNDM," all of which were filed the same day as the magistrate's decision and the trial court's judgment entry. Form 1 is entitled "Magistrate's Order/Order and Notices to Obligor and Obligee, Payor, and Insurer"; the Notice is an "Order/Notice to Withhold Income for Child Support"; and the Addendum is an "Addendum Withholding Notice to Parties to a Support Order."
 {¶ 8} The record thus reflects that appellant was served with documents informing him of the net result of the proceedings before the magistrate and the resulting obligation to pay child support. The record, however, does not indicate appellant was served with the magistrate's decision, as the record does not contain any service document to appellant comparable to that served on appellee's attorney.
 {¶ 9} Because the record does not support service of appellant with the magistrate's decision, but only supports such service to appellee's attorney, the waiver provisions of Civ.R. 53(E)(3)(b) do not apply. Instead, as appellee properly agreed, the trial court's failure to serve appellant with the magistrate's decision necessitates that the matter be remanded to the trial court, where appellant can be served with the magistrate's decision and can have the opportunity, pursuant to Civ.R. 53(E)(3)(a), to file timely objections. Peroz v. Nagel,
Summit App. No. 21437, 2003-Ohio-6584, at ¶ 11. For the foregoing reasons, we vacate the judgment of the trial court without reaching appellant's two assigned errors and remand the matter to the trial court for further proceedings consistent with this decision.
Judgment vacated and case remanded.
Brown and Sadler, JJ., concur.