OPINION
{¶ 1} Appellant, Lisa V.,[1] appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which overruled appellant's objections to a magistrate's decision that found appellant's two teenage daughters to be dependent children pursuant to R.C. 2151.04(C). For the reasons that follow, we dismiss the appeal for lack of subject-matter jurisdiction.
 {¶ 2} On January 29, 2003, the former guardian ad litem[2] for appellant's children filed a complaint, alleging that they were dependent pursuant to R.C. 2151.04(C). Previously, dependency allegations concerning appellant's children had been raised in other actions before the juvenile court.[3]
 {¶ 3} In the complaint of January 29, 2003, the former guardian ad litem alleged that appellant, who was divorced from the children's father, refused to obey court orders that directed her to permit child visitation by their father and instructed her to present her children for counseling. The former guardian ad litem further claimed that, despite his recommendation against home schooling and the fact that appellant could not afford to enroll her older daughter in a private school, appellant had no intention of enrolling her older daughter in a public school. The former guardian ad litem also alleged that the children were subject to "tactics of parental alienation and emotional abuse" and that they appeared to be in need of psychological evaluation and intervention. (Complaint, filed January 29, 2003.) According to the record, the children were removed from appellant's custody in September 2002 and were placed in alternative arrangements.
 {¶ 4} The trial court, through a magistrate, conducted a hearing to consider the dependency allegations. On April 8, 2003, the magistrate rendered a decision, wherein she found, among other things, that: (1) the children were dependent minors pursuant to R.C. 2151.04(C); and (2) by clear and convincing evidence it was in the children's best interest to commit them temporarily to the custody of their father, Charles V. That same day, the trial court approved and adopted the magistrate's decision as its own. According to the docket, a copy of the judgment of April 8, 2003, was not sent to appellant's children's attorney.
 {¶ 5} Thereafter, on April 15, 2003, appellant filed a notice of an intent to object to the magistrate's decision. Fourteen days later, on April 29, 2003, appellant filed objections to the magistrate's dependency findings.
 {¶ 6} On April 23, 2003, after the trial court discovered it failed to list appellant's children's attorney in its earlier judgment of April 8, 2003, the trial court corrected this error pursuant to Civ. R. 60(A) by approving and adopting a magistrate's decision that corrected the error. According to the entry of April 23, 2003, all other orders from the trial court's earlier judgment remained unchanged.[4]
 {¶ 7} Thereafter, on May 7, 2003, appellant's children, through their attorney, filed objections to the magistrate's decision of April 8, 2003, that found them to be dependent. That same day, they also moved for a court order to have transcripts provided at no cost.
 {¶ 8} Due to inadvertence, the trial court failed to render judgment concerning appellant's objections until May 18, 2004. Construing appellant's filing of April 15, 2003, as objections to the magistrate's decision, the trial court found that appellant failed to comply with Juv. R. 40(E)(3)(b) because her objections lacked specificity. Nevertheless, despite this finding, the trial court considered appellant's objections, which the trial court overruled. In its judgment of May 18, 2004, the trial court did not consider appellant's children's objections to the magistrate's decision.
 {¶ 9} From the trial court's judgment that overruled her objections to the magistrate's decision, appellant appeals and assigns a single error for our consideration:
THE COURT ERRED WHEN IT FOUND THE CHILDREN TO BE DEPENDENT MINORS WHEN THE EVIDENCE DID NOT PROVIDE CLEAR AND CONVINCING PROOF THAT THE LIVING CONDITIONS AND ENVIRONMENT OF THE CHILDREN WARRANTED STATE INTERVENTION.
 {¶ 10} Because we lack subject-matter jurisdiction, we cannot consider appellant's assignment of error.
 {¶ 11} "Subject matter jurisdiction is a court's power to hear and decide a case on the merits." State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70, 75, reconsideration denied (1999),84 Ohio St.3d 1475, citing Morrison v. Steiner (1972), 32 Ohio St.2d 86, paragraph one of the syllabus. An appellate court sua sponte may raise the issue of subject-matter jurisdiction. State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544. Parties to a case may not waive or bestow subject-matter jurisdiction upon a court. White,
at 544; see, also, Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 11. Although not raised by the parties, under the facts and circumstances of this case, we find that the trial court's failure to render judgment concerning appellant's children's objections to the magistrate's decision constitutes a jurisdictional bar for appellate review.
 {¶ 12} In the present case, the state asserted at oral argument that appellant's children apparently abandoned their objections to the magistrate's decision and, therefore, these objections were waived. At oral argument, the state further asserted that appellant's children failed to pursue their objections at a hearing wherein objections to the magistrate's decision were considered, and, as a consequence, they waived their objections.
 {¶ 13} App. R. 9(A) provides:
The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. * * *
 {¶ 14} Based upon our review of the record, we find no filing in the record wherein appellant's children withdrew their objections to the magistrate's decision. Neither do we find a transcript of a hearing wherein appellant's children purportedly withdrew or failed to pursue their objections. Nor do we find an entry by the trial court wherein it adjudicated appellant's children's objections to the magistrate's decision. Under these facts and circumstances, we conclude that appellant's children did not abandon their objections as the state contends.
 {¶ 15} Former Juv. R. 40(E)(3),[5] in relevant part, provided the following:
(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the decision. If any party timely files objections, any other party also may file objections not later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ. R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
(b) Form of objections. Objections shall be specific and state with particularity the grounds of the objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. * * *
 {¶ 16} Here, according to the docket, the attorney for appellant's daughters was not served with a copy of the trial court's judgment of April 8, 2003, wherein appellant's children were found to be dependent. See, generally, Peroz v. Nagel, Summit App. No. 21437, 2003-Ohio-6584, at ¶ 11 (stating that "[t]he failure to provide notice to the attorney of record frustrates the process of review of a magistrate's decision and is contrary to the mandate of the civil rules"); see, also, Myers v. Myers,
Franklin App. No. 03AP-1101, 2004-Ohio-1737, at ¶ 9, citing Peroz,
supra, at ¶ 11 (stating that "the trial court's failure to serve appellant with the magistrate's decision necessitates that the matter be remanded to the trial court, where appellant can be served with the magistrate's decision and can have the opportunity, pursuant to Civ. R. 53(E)(3)(a), to file timely objections").
 {¶ 17} As stated previously, on April 23, 2003, after it discovered its failure to list the children's attorney in its earlier judgment of April 8, 2003, the trial court corrected this error pursuant to Civ. R. 60(A) by approving and adopting the magistrate's decision that corrected the error.
 {¶ 18} Fourteen days after the trial court's corrected judgment of April 23, 2003, on May 7, 2003, the appellant's children filed objections to the magistrate's decision and moved for a court order to provide transcripts at no cost.
 {¶ 19} Thus, because the attorney for appellant's children apparently was not served with a copy of the trial court's judgment of April 8, 2003, and because appellant's children filed their objections within 14 days of the trial court's corrected judgment of April 23, 2003, we conclude that, pursuant to former Juv. R. 40(E)(3)(a), appellant's children's objections to the magistrate's decision were timely filed.[6]
 {¶ 20} Former Juv. R. 40(E)(4)(b), in relevant part, provided: "The court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter itself." Cf. former Civ. R. 53(E)(4)(b)[7] (providing, among other things, that a court shall rule upon any objections and a court may adopt, reject, or modify a magistrate's decision).
 {¶ 21} Construing Civ. R. 53(E)(4)(b), this court previously has stated that that section "imposes a mandatory duty on the court to dispose of a party's objections to a magistrate's report." Drummond v. Drummond,
Franklin App. No. 02AP-700, 2003-Ohio-587, at ¶ 13. See, also, Ludwickv. Ludwick, Fayette App. No. CA2002-08-017, 2003-Ohio-2925, at ¶ 5 (stating that Civ. R. 53 "imposes a mandatory duty on the trial court to dispose of a party's objections to a magistrate's decision"). ApplyingDrummond and Ludwick and having previously found that appellant's children did not abandon their objections to the magistrate's decision, we find that former Juv. R. 40(E)(4)(b) imposed a similar mandatory duty upon the trial court to dispose of appellant's children's objections to the magistrate's decision. See former Juv. R. 40(E)(4)(b) (providing that "[t]he court shall rule on any objections."). (Emphasis added.)
 {¶ 22} In Peric v. Buccilli, Cuyahoga App. No. 80805, 2002-Ohio-6234, after finding that a trial court failed to rule on both the appellant's and the appellee's objections to a magistrate's decision pursuant to Civ. R. 53(E), the Eighth District Court of Appeals concluded that the trial court's order adopting the magistrate's decision was not a final appealable order. Id. at ¶ 8; see, also, Beal v. Allen, Cuyahoga App. No. 79567, 2002-Ohio-4054, at fn. 2 (stating that "[a] trial court's entry adopting a magistrate's report is not a final appealable order until any timely objections are ruled on by the court"); Ludwick, supra, at ¶ 5 (stating that "[i]t is well-established that an appellate court may not address an appeal of a trial court's judgment when the trial court has failed to rule on properly filed objections"); Ferretti v.Graham (Feb. 13, 2001), Franklin App. No. 00AP-765 (reversing a trial court's judgment and stating that "[i]n the final analysis, because the trial court failed to rule on respondent's objections, as well as petitioner's objections, the matter must be returned to the trial court for that required ruling, and a decision of whether to adopt the magistrate's decision in light of that ruling").
 {¶ 23} In cases where the appellate court can identify some reference to the trial court's consideration of objections, appellate courts have found support for the notion that we should presume that a trial court has ruled on objections. See, e.g., H.L.S. Bonding Co. v. Fox, Franklin App. No. 03AP-150, 2004-Ohio-547, at ¶ 8-9 (presuming the trial court overruled appellant's objections where the trial court "reviewed" the parties' objections and modified the magistrate's decision); and Shafferv. Shaffer (1996), 109 Ohio App.3d 205, 212 (presuming the trial court overrule objections where the court had made a "cursory" reference to the objections). Here, however, the trial court's decision only refers to appellant's objections and makes no reference to the children's objections. Given this complete absence of any reference to the objections, as well as the absence of a transcript of the objections hearing, we cannot presume that the children abandoned their objections or that the trial court overruled them.
 {¶ 24} Here, applying the reasoning of Peric, Beal, Ludwick, andFerretti, because the trial court failed to rule upon, or at a minimum reference appellant's children's timely filed objections to the magistrate's decision, and because we have found that appellant's children did not abandon their objections, we conclude that the order from which appellant appeals is not a final appealable order, and, therefore, we do not have jurisdiction to consider this action on appeal. See Mogavero v. Lombardo (Sept. 25, 2001), Franklin App. No. 01AP-98 (stating that "[i]f a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed"). (Citations omitted.)
 {¶ 25} Accordingly, having concluded that the juvenile court's order at issue here is not a final appealable order and having found that we do not have jurisdiction to consider this action on appeal, we sua sponte dismiss this action for lack of jurisdiction.
Appeal sua sponte dismissed.
Sadler and French, JJ., concur.
[1] To protect anonymity, in this opinion both the first and last names of the minor children and the last name of the parents will be designated by initials.
[2] Since filing this complaint, for good cause shown, the former guardian ad litem was permitted to withdraw. (Entry, filed June 18, 2003.)
[3] A complaint containing dependency allegations arising from contested domestic issues was filed in case No. 02JU-08-11906. This case was later dismissed. Identical allegations were filed in case No. 02JU-16438. During the pendency of case No. 02JU-16438, the complaint in the instant case apparently was filed. The parties stipulated that testimony from case No. 02JU-16438 could be incorporated into this case. (Judgment Entry, filed April 8, 2003; Jan. 13, 2003 Tr. 3-5.)
[4] In the magistrate's decision of April 11, 2003, which the trial court adopted on April 23, 2003, the magistrate ordered, among other things, that "[a]ll other orders from the hearing of March 28, 2003, shall remain unchanged." Based upon our review of the record, we find no transcript for a hearing of March 28, 2003; neither do we find a court entry dated March 28, 2003. However, based upon our review, it appears that the magistrate's decision of April 11, 2003, references earlier orders in the magistrate's decision of April 8, 2003, which had an effective date of March 28, 2003.
[5] Subsequent to the filing of appellant's children's objections to the magistrate's decision, Juv. R. 40(E) was amended, effective July 1, 2003.
[6] Appellant's children's objections were filed eight days after appellant filed objections to the magistrate's dependency findings on April 29, 2003. In its judgment of May 18, 2004, the trial court construed appellant's filing of April 15, 2003, not appellant's filing of April 29, 2003, as constituting appellant's objections to the magistrate's decision. However, even assuming, arguendo, that appellant's filing of April 15, 2003, constituted appellant's objections to the magistrate's decision and, as a consequence, appellant's children's objections were not filed within ten days after appellant's objections as required by former Juv. R. 40(E)(3)(a), this does not nullify our finding that a copy of the trial court's judgment of April 8, 2003, was not served upon appellant's children's attorney, thereby frustrating the review process of the magistrate's decision.
[7] Subsequent to the filing of appellant's children's objections to the magistrate's decision, Civ. R. 53(E) was amended, effective July 1, 2003.