**ROBERTS, Appellant,**

v.

**SKAGGS, Appellee.**

[Cite as *Roberts v. Skaggs,* 176 Ohio App.3d 251, 2008-Ohio-1954.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070298.

Decided April 25, 2008.

UC–Legal Aid Clinic, Margaret B. Drew, and Carrie Hagan–Gray, for appellant.

Christopher T. Laber, for appellee.

.

CUNNINGHAM, Judge.

{¶ 1} Tonya A. Roberts, appellant, petitioned for a civil protection order against appellee, Keith Skaggs. The court granted an ex parte order, and the case proceeded to a full hearing before a magistrate. The magistrate recommended a dismissal of the petition for lack of evidence in a decision filed on April 4, 2007. The magistrate instructed the clerk to serve both parties and their attorneys on the form accompanying his decision. The record indicates that Roberts, Skaggs, and Skaggs's attorney were served but that Roberts's attorney was not.

{¶ 2} Neither party requested findings of fact and conclusions of law, and neither filed objections. Thereafter, on April 30, 2007, the trial court adopted the magistrate's decision and dismissed the petition. On that same date, Roberts filed a notice of appeal.

### Jurisdiction

{¶ 3} Before addressing Roberts's assigned errors, we address Skaggs's argument that this court lacks jurisdiction to entertain Roberts's appeal. According to Skaggs, this court lacks jurisdiction because Roberts indicated in the notice of appeal that she was appealing from the order entered on "April 4, 2007," and because that order—the magistrate's decision—is not a final, appealable order.

{¶ 4} A magistrate's decision that has not been adopted or modified by the trial court is not a final order.[1] "The decision remains interlocutory until the trial court reviews the decision, adopts or modifies the decision, and enters a judgment that determines all the claims for relief in the action or determines that there is no just reason for delay."[2]

{¶ 5} In this case, the magistrate's decision was interlocutory until the trial court adopted it in a judgment entry that was journalized on April 30, 2007. On that date, the magistrate's decision became a part of a final judgment. Roberts filed her notice of appeal on the same date. Thus, the record demonstrates that Roberts has appealed from a final order.

### Notice of Appeal Defect

{¶ 6} We must now decide whether this court can entertain Roberts's challenge to the trial court's decision even though she referred only to the magistrate's decision in her notice of appeal.

---

1. See *Yantek v. Coach Builders Ltd., Inc.,* 1st Dist. No. C–060601, 2007-Ohio-5126, 2007 WL 2812337, at ¶ 14.

2. Id.

{¶ 7} App.R. 3(D) provides that the notice of appeal shall "designate the judgment, order or part thereof appealed from." In this case, Roberts did not provide the date of the trial court's judgment in her notice of appeal, but she did timely file her notice of appeal.

{¶ 8} One purpose of a notice of appeal is to apprise an opposing party of the taking of an appeal.[3] This court has discretion to overlook a defect in a timely filed notice of appeal if there is no prejudice in the attainment of this purpose.[4] While we recognize that Roberts's notice of appeal did not strictly comply with App.R. 3(D), we cannot discern any prejudice resulting from this deficiency. Roberts's notice of appeal contained the correct trial court number, and Roberts's petition was the only matter disposed of under that number. Accordingly, we exercise our discretion and overlook the deficiency in Roberts's notice of appeal.

{¶ 9} We now address Roberts's first assignment of error. Roberts argues that the trial court erred in adopting the magistrate's decision because her attorney was not served with the magistrate's decision as required by the civil rules. She alleges that as a result, her attorney was unaware of the magistrate's decision in time to properly object. Roberts requests that this court reverse the trial court's decision, remand the case, and allow her to proceed as if her attorney had just been served with the magistrate's decision.

## Service of a Magistrate's Decision

{¶ 10} Civ.R. 53(D)(3)(a)(iii) requires that the magistrate's decision be in writing and timely served on all parties or their attorneys: "[a] magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed."

{¶ 11} Where a party is represented by an attorney of record, Civ.R. 5(B) requires service upon that attorney in most circumstances: "[w]henever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court." The last part of this rule is applicable only when the court "expressly orders" that service be made upon the party.[5] Logically, the court's express order should

---

3. See *Monahan v. Duke Realty Corp.*, 1st Dist. No. C–070318, 2008-Ohio-1113, 2008 WL 683966, at ¶ 18.

4. See *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 649 N.E.2d 1229, syllabus.

5. See *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.* (1990), 51 Ohio St.3d 131, 554 N.E.2d 1324, syllabus.

indicate to the clerk that the party is to be served to the exclusion of the attorney.[6] Thus, absent an express order by the court indicating otherwise, if a party is represented by an attorney of record, service, when required, should be made upon that attorney.[7]

{¶ 12} In discussing the rationale for this rule and in determining its applicability to decisions from administrative agencies, the Ohio Supreme Court has stated that "a party represented by counsel usually speaks through his counsel," and "[c]ounsel is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken."[8]

{¶ 13} In holding that the provisions of Civ.R. 5(B) apply to magistrates' decisions, the Ninth Appellate District has stated that "the failure to provide notice to the attorney of record frustrates the process of review of a magistrate's decision and is contrary to the mandates of the civil rules."[9] We agree with the rationale of the Ninth Appellate District and hold that the clerk in this case was required under Civ.R. 5(B) to serve Roberts's attorney of record with the magistrate's decision.

{¶ 14} Importantly, Civ.R. 53 provides a party with the right to request from the magistrate findings of fact and conclusions of law[10] and to file objections[11] to the magistrate's decision. But these actions must be completed in a timely manner, and the failure to do so severely limits the party's ability to challenge the decision upon subsequent review.[12]

■ · {¶ 15} Moreover, the right to request findings of fact and conclusions of law and to file objections has little value unless the party desiring to pursue them has proper notice of the magistrate's decision. Therefore, we hold that proper notice includes service of the magistrate's decision upon a party's attorney of record in accordance with Civ.R. 5(B), unless the court expressly orders otherwise.

---

**6.** See *Davenport Jackson v. Davenport* (June 22, 1994), 2nd Dist. No. 93–CA–75, 1994 WL 277953.

**7.** *Swander,* syllabus.

**8.** *Swander,* 51 Ohio St.3d at 134, 554 N.E.2d 1324.

**9.** *Peroz v. Nagel,* 9th Dist. No. 21437, 2003-Ohio-6584, 2003 WL 22900622, at ¶ 11.

**10.** Civ.R. 53(D)(3)(a)(ii).

**11.** Civ.R. 53(D)(3)(b)(i).

**12.** See Civ.R. 53(D)(3)(b)(iv) and 53(D)(4)(c).

{¶ 16} Proper notice is an integral component of due process. Based upon due process concerns, the Ohio Supreme Court has held that the failure to serve a party's attorney with notice of an appealable judgment actually tolls the time for filing an appeal.[13] Service of a magistrate's decision upon the attorney is arguably more critical to providing due process than serving notice of an appealable judgment, because the time limits in Civ.R. 53 are triggered by the filing of the magistrate's decision, not service of the decision upon the parties.[14] And these time limits are less than the 30 days provided for filing a notice of appeal.

{¶ 17} This case illustrates the dangers involved by not serving the attorney of record. The magistrate filed his written decision with the clerk on April 4, 2007, triggering the seven-day limit on requests for findings of fact and conclusions of law and the 14–day limit for filing objections. Roberts was served with the magistrate's written decision, but she did not notify her attorney. This conduct was reasonable because the magistrate's decision indicated that her attorney would also be served. Roberts's attorney did not learn of the decision until later and filed a notice of appeal followed by "untimely" objections. Of course, the filing of the notice of appeal divested the trial court of jurisdiction to revisit its decision and to consider Roberts's objections.

## Civ.R. 53(E) Extension of Time

{¶ 18} Despite the clerk's failure to serve Roberts's attorney, Skaggs argues that Roberts should not prevail on appeal because she failed to bring the service defect to the attention of the trial court before filing her notice of appeal. Skaggs relies upon Civ.R. 53(D)(5), which provides: "For good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision. 'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision."

{¶ 19} According to Skaggs, once Roberts's attorney had learned that the magistrate had issued his written decision and that she had missed the deadline to file objections, she was required to request an extension of time from the trial court. Because she failed to ask for an extension, she should be precluded from arguing on appeal that she was denied the opportunity to resolve the matter in a hearing on objections.

---

13. See *Swander,* supra.

14. See generally *Duganitz v. Ohio Adult Parole Auth.* (2001), 92 Ohio St.3d 556, 751 N.E.2d 1058 (Civ.R. 6[E] does not extend the time for filing objections to a magistrate's decision, and Civ.R. 53 expressly provides that the objections must be filed within 14 days of the filing of the magistrate's decision, not upon service of the magistrate's decision).

{¶ 20} The extension-of-time provision in Civ.R. 53(D)(5) was added when the rule was amended in 2006. The Tenth Appellate District, in *Watley v. Dept. of Rehab. & Corr.*,[15] suggested that the new provision provides an adequate remedy to correct a defect in the clerk's service of the magistrate's decision and that a party's failure to move for an extension of time to file objections after learning of the magistrate's decision always precludes a party from alleging defective service on appeal.[16]

{¶ 21} We are reluctant to read Civ.R. 53(D)(5) so broadly. There may be some service issues, such as the "untimely" service mentioned in the rule, that arguably should be required to be brought to the attention of the trial court to preserve a due process issue for appeal. For instance, service of a magistrate's decision may be "untimely" under Civ.R. 53(D)(3)(a)(iii) if it is made later than three days after the decision is filed, but service on the fourth day, while "untimely," would be within the time to request findings of fact and conclusions of law and to file objections. As a result, the party would retain the opportunity to timely object.

{¶ 22} But in this case, the clerk never served Roberts's attorney as required under Civ.R. 5(B), and her attorney did not learn that the magistrate had filed a written decision until after the important time limits had expired. Thus, this lack of notice fully impaired Roberts's rights to challenge the magistrate's decision under Civ.R. 53, and this impairment denied her due process of law. Thus, we hold that Roberts's failure to use the extension-of-time provision to correct the error did not waive her due process argument on appeal.

{¶ 23} That said, the more efficient and preferable course of action for parties to follow is to provide the trial court with the opportunity to correct any due process deficiencies in the first instance. And Civ.R. 53(E) now specifically allows the trial court to do so.

{¶ 24} Accordingly, we sustain Roberts's first assignment of error. The failure to serve Roberts's attorney with the magistrate's decision necessitates that this case be remanded to the trial court, where Roberts can be served in accordance with Civ.R. 5(B) and retain the opportunity to timely object to the magistrate's decision.[17]

---

15. 10th Dist. No. 06AP–1128, 2007-Ohio-1841, 2007 WL 1153050.

16. Id. at ¶ 12–14.

17. See *Myers v. Myers*, 10th Dist. No. 03AP–1101, 2004-Ohio-1737, 2004 WL 728365.

## Conclusion

{¶ 25} We reverse the judgment of the trial court without reaching the other assigned error and remand the case for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

HILDEBRANDT, P.J., and HENDON, J., concur.