[Cite as *Napier v. Sparks*, 2013-Ohio-4500.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TERESA NAPIER, | : | APPEAL NO. C-130084 |
| | | TRIAL NO. F89-1111z |
| Plaintiff, | : | |
| | | *O P I N I O N.* |
| and | : | |
| HAMILTON COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | : | |
| | : | |
| DWAYNE SPARKS, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal:  October 11, 2013

*Janice H. Barr*, for Plaintiff-Appellant,

*Dwayne Sparks*, pro se.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1} Plaintiff-appellant the Hamilton County Child Support Enforcement Agency ("the CSEA") appeals the trial court's judgment, which "reject[ed] the magistrate's decision and remand[ed] it for findings of fact and conclusions of law based on an accurate computation of child support arrearages." Because we determine that we do not have jurisdiction to hear this appeal, we dismiss it.

{¶2} In 1989, defendant-appellee Dwayne Sparks was ordered to pay child support in the amount of $86.67 per month for his daughter, Katrina Napier. In 1995, he was held in contempt for failure to pay child support and the court ordered him to pay $43.33 a month on the arrearage ("the arrears order"). In June 2006, the juvenile court terminated the child-support order because Katrina had graduated from high school, and set the arrears order at $130 per month. In 2011, Sparks moved to modify the arrears order based on his assertion that his only income was his social security benefits, and the fact that he was supporting another child that lived with him. The magistrate denied the motion.

{¶3} Sparks filed objections to the magistrate's decision, which the trial court sustained. The trial court rejected the magistrate's decision, and remanded the cause for findings of fact and conclusions of law. Specifically, the trial court indicated, among other things, that the record was unclear as to how the amount of the arrearage was determined and whether Sparks was receiving, as part of his social security benefits, Supplemental Security Income ("SSI") or Social Security Disability Insurance Income. The court noted that the arrearage could not be garnished from SSI benefits.

{¶4} The CSEA now appeals bringing forth a single assignment of error, arguing that the trial court abused its discretion in rejecting the magistrate's decision

and remanding the cause for findings of fact and conclusions of law. Unfortunately, we do not reach this issue as we lack jurisdiction to entertain this appeal.

{¶5} Before this court can exercise jurisdiction over an appeal, an order of a lower court must be a final, appealable order and meet the requirements of R.C. 2505.02. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 547 N.E.2d 64 (1989). If the order being challenged is not final, then the court must dismiss the appeal. *See General Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). "A magistrate's decision that has not been adopted or modified by the trial court is not a final order." *Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954, 891 N.E.2d 827, ¶ 4 (1st Dist.). Instead, a magistrate's decision remains interlocutory until the trial court enters a judgment that determines all the claims for relief in the action or determines that there is not just reason for delay. *See Yantek v. Coach Builders Ltd., Inc.*, 1st Dist. Hamilton No. C-060601, 2007-Ohio-5126, ¶ 14.

{¶6} Here, the trial court did not adopt or modify the magistrate's decision. Instead, the juvenile court determined that a final judgment could not be reached based on the record, and remanded the cause to the magistrate to issue findings of fact and conclusions of law. Because the magistrate's decision was neither adopted nor modified by the trial court, it is not a final appealable order. Thus, we hereby dismiss the appeal.

Appeal dismissed.

**HENDON, P.J.**, and **CUNNINGHAM**, **J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.