[Cite as *Parallel Homes, L.L.C. v. Stephens*, 2014-Ohio-840.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PARALLEL HOMES, LLC., | : | APPEAL NO. C-130292 |
| | | TRIAL NO. 12CV-29420 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| ANTONIO STEPHENS, | : | *O P I N I O N.* |
| Defendant-Appellee, | : | |
| and | : | |
| NAKKIYA A. GROOMES, | : | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed

Date of Judgment Entry on Appeal:  March 7, 2014

*Heyman Law, LLC*, and *D. Andrew Heyman*, for Plaintiff-Appellant,

*Antonio Stephens*, pro se.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    Plaintiff-appellant Parallel Homes, LLC, ("PHL") appeals a judgment entered in favor of defendant-appellee Antonio Stephens on a counterclaim he had filed in PHL's eviction action.  We find merit in PHL's sole assignment of error, and we reverse the trial court's judgment.

{¶2}    PHL filed a complaint for eviction against Stephens and defendant Nakkiya A. Groomes.  It also sought damages for past-due rent, late fees, lost rent and repairs.  At a subsequent hearing, the magistrate issued a decision granting the eviction and ordering restitution of the leased premises.  The magistrate's decision also stated that "[t]he claim for money is continued for the filing of an answer or default judgment."

{¶3}    Subsequently, Stephens, acting pro se, filed an answer and counterclaim, which stated:  "There is a dispute on money owed and why its [sic] not owed.  They also changed the locks and took belongings out of the property and ranshacked [sic] the property before the date of the eviction."  He requested a judgment of $3,000.

{¶4}    Stephens did not include a certificate of service with the answer and counterclaim.  The clerk did not issue service to PHL's counsel of record, but instead sent the answer and counterclaim by certified mail directly to PHL at the address listed on the complaint.  An individual at PHL signed for the certified mailing of Stephen's answer and counterclaim.

{¶5}    At PHL's request, the magistrate continued the originally scheduled trial date to January 28, 2013.  Stephens and Groomes appeared for trial on that date.  Counsel for PHL did not appear, but filed another motion for a continuance on the ground that PHL's witness was unavailable.  The magistrate denied the motion and dismissed PHL's claim for damages.

{¶6}    The magistrate then heard testimony on Stephens's counterclaim.  Stephens and Grooms testified that, in anticipation of the eviction, they had begun moving their

belongings out of the leased premises. Two days before the eviction date, they returned to the residence to find that the locks had been changed. They contacted the landlord, who supplied them with a new key. When they were able to reenter the residence, they discovered that many of their belongings were missing and that someone had ransacked the premises. While they did not have receipts for the missing property, Stephens and Groomes provided photographs of the residence and an itemized list of the missing items.

{¶7}  The magistrate granted judgment to Stephens on his counterclaim in the amount of $3,000. In response to PHL's request for findings of fact and conclusions of law, the magistrate stated that the counterclaim was uncontested and that Stephens had proved his claim "by a preponderance of the evidence."

{¶8}  PHL filed objections to the magistrate's decision. It argued that Stephens had not served PHL's counsel as required by Civ.R. 5. PHL's counsel said that because of the failure of service and because the clerk of courts had incorrectly listed another attorney as PHL's counsel of record, he was unaware of the counterclaim and did not know that it would be tried on the January 28 trial date.

{¶9}  The trial court held a hearing on the objections. At the hearing, PHL's counsel asserted that because he was never served with and was unaware of the counterclaim, he reasonably believed that the only issue to be tried at the January 28 trial was PHL's claim for money damages. Counsel further stated that he had anticipated that if the magistrate did not grant a continuance, she would, at most, have dismissed PHL's claim for money damages without prejudice.

{¶10} The trial court overruled PHL's objections and adopted the magistrate's decision. It stated that counsel had "actively represented his client throughout the pretrial proceedings." Therefore, counsel "knew or should have known that the Clerk would not have set this matter for trial without a filed response from the defendants." Because PHL had "legal notice" of the answer and counterclaim, the court granted judgment in favor of Stephens on his counterclaim. This appeal followed.

{¶11} In its sole assignment of error, PHL contends that the trial court erred in overruling its objections and adopting the magistrate's decision. It argues that the trial court should not have proceeded with a trial on the merits of the counterclaim when it did not include proof of service as required by Civ.R. 5(B)(3). This assignment of error is well taken.

{¶12} Civ.R. 5(A) states that every pleading subsequent to the original complaint "shall be served upon each of the parties[.]" Civ.R. 5(B)(1) further requires service on the attorney of record if a party is represented by an attorney. The rational for this rule is that a party represented by counsel usually speaks through counsel, and counsel "is in a better position to understand the legal import of any documents required to be served on his or her client and the nature of the action to be taken." *Swander Ditch Landowners' Assn. v. Joint Bd. of Huron & Seneca Cty. Commrs.*, 51 Ohio St.3d 131, 134, 554 N.E.2d 1324 (1990), syllabus; *Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954, 891 N.E.2d 827, ¶ 12 (1st Dist.).

{¶13} Proper service under the civil rules is mandatory even if a party represented by counsel might otherwise learn of the action taken by the court. *Peroz v. Nagel*, 9th Dist. Summit No. 21437, 2003-Ohio-6584, ¶ 10; *Jackson v. Davenport*, 2d Dist. Greene No. 93 CA 75, 1994 Ohio App. LEXIS 2683, *5 (June 22, 1994). Thus, if a party is represented by an attorney of record, service, when required, should be made upon that attorney absent an express order of the court stating otherwise. *Swander Ditch Landowners' Assn.* at syllabus; *Roberts* at ¶ 11. Since Stephens failed to serve the answer and counterclaim on PHL's attorney of record, the trial court should not have granted judgment on his counterclaim.

{¶14} Additionally, Civ.R. 5(B)(2) describes the ways in which documents may be served. Civ.R. 5(B)(3) provides that "[t]he served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until

proof of service is endorsed thereon or separately filed." Because Stephens's answer and counterclaim did not include a completed certificate of service, the trial court should not have considered it. *See CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, 966 N.E.2d 278, ¶ 76 (6th Dist.); *First Resolution Invest. Corp. v. Salem*, 9th Dist. Summit No. 24049, 2008-Ohio-2527, ¶ 7-8; *Martin v. Wayne Cty. Natl. Bank Trust & Invest. Co.*, 9th Dist. Wayne No. 03CA0079, 2004-Ohio-4194, ¶ 15.

{¶15} We realize that Stephens was acting pro so and was probably unaware of the requirements of Civ.R. 5. But this court cannot waive the requirements of the civil rules simply because he was acting pro se. *Martin* at ¶ 16. Pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors. *Arkwright Mut. Ins. Co. v. Toler*, 1st Dist. Hamilton No. C-020589, 2003-Ohio-2202, ¶ 10.

{¶16} Accordingly, we hold that the trial court erred in granting judgment in favor of Stephens on his counterclaim. We sustain PHL's assignment of error and reverse the trial court's judgment on Stephen's counterclaim.

*Judgment reversed.*

.

**HENDON, P.J.,** and **FISCHER, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.