[Cite as *State v. Keelings*, 2016-Ohio-5292.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150395 |
| | | TRIAL NO. 14CRB-16393 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| SHANAE KEELINGS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed from is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 10, 2016


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, *Joshua A. Thompson*, Assistant Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1} Shanae Keelings appeals from the judgment of the Hamilton County Municipal Court convicting her of falsification. Keelings was charged with falsification in June 2014 and her case proceeded to a trial before a magistrate. The magistrate recommended a finding of guilty. But the magistrate's written "decision"—a notation on a judge's sheet—was not served by the clerk of courts on the parties in accordance with Crim.R. 19(D)(3)(a)(iii). The trial court adopted the magistrate's "decision" on the same day. The trial court's judgment was journalized, but the clerk also failed to serve the parties with the final judgment. Subsequently we granted Keelings's motion for this delayed appeal from that judgment.

{¶2} Keelings raises five assignments of error challenging her conviction. She argues that (1) the trial court erred by adopting the magistrate's "decision" because the clerk never served it as required by Crim.R. 19(D)(3)(a)(iii) and the "decision" did not include all the notices that were required by that rule; (2) trial counsel was ineffective for failing to file objections to the magistrate's decision; (3) her conviction was not supported by sufficient evidence; (4) her conviction was against the manifest weight of the evidence; and (5) she was denied her right to allocution as provided by Crim.R. 32.

{¶3} Our resolution of the first assignment of error is dispositive. Because the magistrate's "decision" was not served as required by Crim.R. 19(D)(3)(a)(iii), we reverse the trial court's judgment and remand the cause for further proceedings.

## Analysis

{¶4} Under Crim.R. 19(D)(3)(a)(iii), "[a] magistrate's decision shall be in writing, identified as a magistrate's decision in the caption, signed by the magistrate, filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed." The rule further provides that the decision "shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Crim.R. 19 (D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Crim.R. 19(D)(3)(b)." Crim.R. 19(D)(3)(a)(iii).

{¶5} In this case, the record reflects, and the state concedes, that the clerk did not serve the magistrate's "decision" in compliance with the rule.

{¶6} Generally, courts strictly enforce procedural rules governing the clerk's service. *See Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, 26 N.E.3d 806; *Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954, 891 N.E.2d 827 (1st Dist.). Rules such as Crim.R. 19(D)(3)(a)(iii) that provide for notice of a decision through the clerk's service protect the due-process rights of the parties. *See Skaggs* at ¶ 22. To that end, as Keelings argues, because the clerk failed to serve the magistrate's "decision," she lost the "opportunity to file timely objections" to that "decision." *See* Crim.R. 19(D)(3)(b)(i-iv). This resulted in reversible error.

{¶7} This is not a case where the clerk merely served the "decision" late; rather, the clerk failed to serve the magistrate's "decision" altogether. This court addressed a similar issue in *Skaggs*. In that case, the clerk never served a magistrate's decision on the appellant's attorney, a mandatory recipient as required

by Civ.R. 5(B)(1), in violation of Civ.R. 53(D)(3)(a)(iii), the civil rule counterpart to the rule at issue in this case. *See Skaggs* at ¶ 22. We reversed the trial court's judgment adopting that decision and remanded the case for proper service by the clerk on the appellant's attorney to correct the defect. *See id.* at ¶ 24.

{¶8} We apply a similar remedy here, but specify that the magistrate shall issue a decision that comports with the requirements of Crim.R. 19(D)(3)(a)(iii), including the form and notice provisions, then file that decision with the clerk, and the clerk shall serve that decision in accordance with Crim.R. 19(D)(3)(a)(iii) on all mandatory recipients.

### Conclusion

{¶9} The clerk's failure to serve the magistrate's "decision" in accordance with Crim.R. 19(D)(3)(a)(iii) resulted in reversible error. Accordingly, we sustain the first assignment of error, reverse the trial court's judgment without reaching the other assigned errors, and remand the case for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**FISCHER, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.