[Cite as *In re A.T.*, 2017-Ohio-5821.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: A.T., a minor child | : | APPEAL NOS. C-160597 |
| | | C-160598 |
| | : | C-160599 |
| | | TRIAL NOS.  15-7432 |
| | : | 15-7433 |
| | | 15-7434 |
| | : | |
| | | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Appeals Dismissed

Date of Judgment Entry on Appeal:  July 14, 2017

*Joseph P. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Defendant-Appellant.

ZAYAS, **Judge.**

{¶1} A.T., a minor child, appeals from the juvenile court's entries adopting the magistrate's decisions adjudicating him delinquent and committing him to the permanent custody of the Ohio Department of Youth Services. Because the trial court's entries are not final orders, we dismiss his appeals for lack of jurisdiction.

## *Background*

{¶2} On October 5, 2015, A.T. was arrested during a traffic stop. The same day, complaints were filed alleging that A.T. was delinquent of possession of drug paraphernalia, possession of marijuana, and possession of heroin. On January 27, 2016, A.T. filed a motion to suppress, challenging the search of his person during the traffic stop. A magistrate heard the motion on March 8, 2016. After hearing testimony, the magistrate overruled the motion, and the matter proceeded immediately to trial. Following the trial, the magistrate adjudicated A.T. delinquent of each of the above offenses. A.T. timely filed a motion to set aside the magistrate's orders and objections to the magistrate's decisions. The trial court overruled the objections and adopted the magistrate's decisions on the motion to suppress and the adjudications of delinquency.

{¶3} As to the heroin possession charge, the trial court's entry stated, "Upon review, the Decision of the Magistrate is adopted. Continue for disposition * * *. Transcript is reviewed. Argument heard. The objection is denied." In a separate entry following the magistrate's disposition on this charge, the trial court stated, "After independent review, the Magistrate's Decision and Order in this matter * * * is hereby approved and adopted as the Judgment of this Court." As to the other two charges, the trial court's entries both stated, "Upon review, the Decision of the

Magistrate is adopted. * * * Transcript is reviewed. Argument heard. The objection is denied." A.T. timely appealed from these three entries.

### *This Court Lacks Jurisdiction*

{¶4}     Our jurisdiction is limited to the review of final orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02 and 2505.03. If an order is not final, we lack jurisdiction and must dismiss the appeal. *State v. Daniels*, 1st Dist. Hamilton No. C-140242, 2014-Ohio-5160, ¶ 5, citing *Whitacre-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1971).

{¶5}     A juvenile court's adjudication of delinquency is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." *See* R.C. 2505.02(B)(1). *See In re Cox*, 11th Dist. Ashtabula No. 2004-A-0057, 2005-Ohio-3899, ¶ 28; *In re N.C.*, 2d Dist. Clark No. 09CA0023, 2009-Ohio-4603, ¶ 12-15.

{¶6}     However, Juv.R. 40(D)(4)(e) provides that "[a] court that adopts, rejects, or modifies a magistrate's decision shall *also* enter a judgment * * *." (Emphasis added.) In a line of cases interpreting Civ.R. 53, we have held that a magistrate's decision does not become final "until the trial court reviews the magistrate's decision and (1) rules on any objections, (2) adopts, modifies, or rejects the decision, and (3) enters a judgment that determines all the claims for relief in the action or determines that there is no just reason for delay." *Alexander v. LJF Mgt., Inc.*, 1st Dist. Hamilton No. C-090091, 2010-Ohio-2763, ¶ 12. *See Roberts v. Skaggs*, 176 Ohio App.3d 251, 2008-Ohio-1954, 891 N.E.2d 827, ¶ 4 (1st Dist.); *Yantek v. Coach Builders Ltd.*, 1st Dist. Hamilton No. C-060601, 2007-Ohio-5126, ¶ 14. Because the corollary Rule of Juvenile Procedure, Juv.R. 40, contains language identical to Civ.R.

53, we hold that the requirements outlined in our Civ.R. 53 jurisprudence are equally applicable to juvenile court entries regarding magistrate's decisions under Juv.R. 40.

{¶7} None of the trial court's entries in this case fulfilled these requirements. While the trial court reviewed the magistrate's decisions, ruled on A.T.'s objections, and adopted the magistrate's decisions, the trial court did not enter judgments that determined all the claims for relief in the action. "[T]he entry should 'clearly and finally dispose of the dispute between the parties,' " and contain " 'a statement of the relief to which the parties are entitled' [that] is 'definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case' * * *." *Alexander* at ¶ 13, quoting *Millies v. Millies*, 47 Ohio St.2d 43, 44, 350 N.E.2d 675, (1976), fn. 2, and *Champion Contracting & Constr. Co. Inc. v. Valley Post No.* 5563, 9th Dist. Medina No. 03CA0092-M, 2004-Ohio-3406, ¶ 18.

{¶8} The Tenth District faced a similar circumstance in *In re D.P.*, 10th Dist. Franklin Nos. 06AP-179, 06AP-180 and 06AP-181, 2006-Ohio-5098. There, following a magistrate's decision, the trial court's entries stated:

> The Court adopts the magistrate's decision and approves same * * * and enters the same as a matter of record, and includes same as the Court's judgment herein. The Court further finds there is no error of law or other defect on the face of the magistrate's decision. The Court incorporates by reference the attached magistrate's decision and makes same the judgment of this Court.

*Id.* at ¶ 2. The defendant then filed objections, and in overruling them, the trial court issued entries stating: "[T]he Court overrules the objection to the magistrate's decision * * * and upholds the decision of the magistrate * * *." *Id.* at ¶ 3.

4

{¶9}    The Tenth District, relying on the Fourth District's decision in *In re Elliott*, 4th Dist. Ross No. 97-CA-2313, 1998 WL 101351 (Mar. 5, 1998), found that the "judgment entries merely adopted the magistrate's decision and did not include 'a clear pronouncement of the trial court's judgment' that expressed what appellant's 'responsibilities and obligations' are.  Thus, the trial court's * * * judgment entries do not constitute final appealable orders."  *D.P.* at ¶ 7, quoting *Elliott* at *2.

{¶10}    Here, the trial court's entries simply stated "[t]he objection is denied"; "the Magistrate's Decision and Order * * * is hereby approved and adopted as the Judgment of this Court"; and "[u]pon review, the Decision of the Magistrate is adopted. * * * The objection is denied." The entries adopted the magistrate's decisions but contained no "clear pronouncement of the trial court's judgment that expressed what appellant's responsibilities and obligations are."  *D.P.* at ¶ 7. Therefore, the entries failed to satisfy Juv.R. 40(D)(4)(e)'s requirement that the court "also enter a judgment," and they are not final, appealable orders.

## Conclusion

{¶11}    Absent final appealable orders, we lack jurisdiction and these appeals must be dismissed.

*Appeals dismissed.*

MOCK, P.J., and DETERS, J., concur.

Please note:

    This court has recorded its own entry this date.